**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

GOLD CROSS EMS, INC.    )
                        )
        Plaintiff,      )
                        )
v.                        )  CIVIL ACTION FILE
                        )
THE CHILDREN'S HOSPITAL  )  NO. 1:13-CV-00081-JRH-WLB
OF ALABAMA,           )
                        )
        Defendant.    )

## AMENDED COMPLAINT

COMES NOW Plaintiff Gold Cross EMS, Inc. and files this its First Amended Complaint against The Children's Hospital of Alabama as follows:

## PARTIES, JURISDICTION, VENUE

1.     Plaintiff Gold Cross EMS, Inc. ("Gold Cross" or "Plaintiff") is a Georgia corporation organized and existing under the laws of the State of Georgia with its principal place of business in Martinez, Georgia.

2.     Defendant The Children's Hospital of Alabama ("CHOA" or "Defendant") is a corporation organized and existing under the laws of the State of Alabama with its principal place of business in Birmingham, Alabama.

3.     CHOA operates the Children's Hospital at 1601 Seventh Avenue South, Birmingham, Alabama 35233 and Care Flight Critical Care Transport *a/k/a* Children's Critical Care Transport Team.

4.     CHOA's registered agent is William M. Warren, Jr. Its registered office is located at 1600 Seventh Avenue South, Birmingham, Alabama 35233. Service of process may be accomplished on the defendant pursuant to O.C.G.A. § 9-10-94.

5.     Subject matter jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

6.     CHOA, Gold Cross, "Children's Careflight," Alima Mims and Jacques A. Johnson (collectively, sometimes referred to hereinafter as the "Tort Action Defendants") were sued in tort by Dwight Williams ("Williams") in the case *Williams v. Children's Hospital of Alabama, et al.*, In the Superior Court of Richmond County, State of Georgia, Civil Action File No. 2012RCSC641, and by April Logan as Guardian *Ad Litem* of Zia' Kiera Threatts ("Logan") in the case *April L. Logan, et al. v. The Children's Hospital of Alabama et al.*, In the State Court of Richmond County, State of Georgia, Civil Action File No. 2011RCSC1078 ("the Tort Actions").

7.     At all times material, Alima Mims ("Mims") and Jacques A. Johnson ("Johnson") worked as emergency medical technicians ("EMT") operating an ambulance for Gold Cross and, with respect to the underlying

incident, were subject to the direction and control of CHOA and its employees.

8. Various claims were asserted in the Tort Actions against the Tort Action Defendants, all sounding in tort and specifically in negligence.

9. The Tort Actions arose from an incident ("the Underlying Incident") that occurred on March 4, 2009 in which Williams' daughter, Zia' Kiera Threatts ("Threatts"), was involved in a fall while strapped into a specially designed carrying device belonging to CHOA that was then strapped to a stretcher.

10. The Tort Actions alleged that the Underlying Incident was proximately caused by the negligence of the Tort Action Defendants which proximately caused injuries to Threatts.

11. In February of 2009, Threatts (then age two) was a patient at Doctor's Hospital of Augusta. While at Doctor's Hospital of Augusta, it was discovered that Threatts was suffering from a heart condition.

12. Arrangements were made between Doctor's Hospital of Augusta and CHOA for Threatts to be transferred to CHOA for further treatment, including treatment of the newly discovered heart condition.

13. CHOA made arrangements to send a medical transport jet and personnel to receive and take custody of Threatts and to assume responsibility for her care and transport on behalf of CHOA. Specifically,

CHOA sent its nurse and respiratory therapist from Birmingham, Alabama to Augusta, Georgia by plane on March 4, 2009, landing at Augusta Regional Airport, and thence traveling to Doctor's Hospital of Augusta.

14. At Doctor's Hospital of Augusta, the care, custody and responsibility for Threatts was transferred to CHOA with its employees present to accept custody of Threatts.

15. At all material times, Mims and Johnson (the EMT's for Gold Cross) were under the complete control and direction of CHOA's employees.

16. At Doctor's Hospital of Augusta, Threatts was strapped by CHOA's employees into a special carrying device owned by CHOA which was, in turn, strapped to a stretcher and loaded into a Gold Cross-owned ambulance with CHOA's employees on board to supervise the care and transport of Threatts on behalf of CHOA.

17. At the Augusta Regional Airport, under the direct supervision of CHOA's employees, Threatts was being unloaded from the ambulance to be loaded onto the jet when the stretcher holding Threatts turned on its side and fell to the ground. At the direction of CHOA's employees, the stretcher was uprighted and Threatts was loaded into the jet and transported to CHOA.

18.    At all material times, including at the time the stretcher turned over and fell and as it was uprighted and Threatts was loaded into the jet, CHOA's employees were in control of, and responsible for, the transport and care of Threatts and their negligence caused or contributed to Threatts' fall and the injuries resulting therefrom.

19.    Two days after being admitted to CHOA's pediatric intensive care unit, it was noted that Threatts was not moving her legs. It was subsequently determined that Threatts was suffering from a swollen spinal cord and a dorsal thoracic epidural hematoma that led to permanent paralysis below the T-4 level.

20.    The fall of Threatts at the Augusta Regional Airport was the cause of the swollen spinal cord and dorsal thoracic epidural hematoma she suffered and the resulting paralysis.

21.    The paralysis and related impairments suffered by Threatts are permanent injuries.

22.    CHOA subsequently took the position that the paralysis suffered by Threatts was of an unknown origin and did not disclose to Threatts, her parents, her guardian *ad litem*, or her foster parents that the cause of her injuries was the fall that she suffered at Augusta Regional Airport while under the custody and care of CHOA.

23.     Gold Cross settled the Tort Actions. CHOA and "Children's Careflight" did not participate in the settlements, even though they were negligent in the care, custody and control of the patient and vicariously liable for the acts of Mims and Johnson.

24.     As part of the settlement agreements, Gold Cross reserved any and all contribution rights it had against CHOA and/or any related entity.

25.     CHOA had the same or greater legal responsibility for the acts, errors or omissions of Mims and Johnson as did Gold Cross and was also responsible for the negligence of its nurse and respiratory therapist who had custody, care and control of Threatts at the time of said fall.

26.     The settlements extinguished CHOA's liability to the plaintiffs in the Tort Actions.

27.     CHOA was additionally jointly and severally liable to the plaintiffs in the Tort Actions along with Gold Cross because its negligent failure to timely disclose the incident to medical personnel at its hospital facility caused or contributed to Threatts' injuries.

## COUNT I – CONTRIBUTION

28.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

29.     CHOA was negligent, grossly negligent, reckless, willful and wanton in one or more of the following particulars:

(a)     in failing to properly supervise the transport of Threatts;

(b)     in failing to properly care for Threatts during her transport;

(c)     in failing to properly care for Threatts subsequent to her fall;

(d)     in failing to disclose the fall and its role in causing her paralysis;

(e)     and in such other and further particulars as may be made known during discovery.

30.     The Underlying Incident was proximately caused by CHOA's negligence, as set forth above, which caused Threatts to suffer the fall.

31.     Along with Plaintiff, CHOA was a joint tortfeasor with respect to the cause of the Underlying Incident and pursuant to O.C.G.A. § 51-12-32, CHOA is liable to Plaintiff for contribution in the amount of at least 50% of the total amount paid by Plaintiff to settle the Tort Actions.

## COUNT II – BREACH OF JOINT DEFENSE AGREEMENT

32.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

33.     As part of the defense of the Tort Actions, the defendants in the Tort Actions entered into a joint defense agreement (the "JDA").

34.     The JDA was created when counsel for CHOA entered into an oral agreement with counsel for Gold Cross, Mims and Johnson, fiduciary in nature, where each party placed trust and confidence in the other and

promised mutually to cooperate, support and defend each other with respect to any and all claims in the Tort Actions.

35.    CHOA breached the JDA by negligently disclosing to counsel for plaintiffs in the Tort Actions confidential settlement authority discussions between and among the defendants in the Tort Actions.

36.    As a direct result of the breach by CHOA, plaintiffs in the Tort Actions "held out" for larger settlement payments from Gold Cross in settlement of the Tort Actions than otherwise would have been accepted.

37.    As a direct result of the breach by CHOA, Gold Cross had to pay more to settle the Tort Actions than it intended to offer at the time of CHOA's breach, which lesser amount would have been acceptable to plaintiffs in the Tort Actions.

38.    As such, CHOA is liable to Gold Cross for the difference in what it paid to settle the Tort Actions and the lesser amount for which the claims could have been settled but for CHOA's negligent disclosure of confidential settlement communications to counsel for plaintiffs in the Tort Actions.

WHEREFORE, Plaintiff Gold Cross EMS, Inc. respectfully requests that it have a trial by jury and a judgment against Defendant The Children's Hospital of Alabama for (a) contribution in the amount of at least 50% of the amount paid by Plaintiff to settle the Tort Actions; (b) an amount

representing the difference between what the Tort Actions were settled for and the amount for which they could have been settled "but for" Defendant's negligent disclosure of confidential settlement communications to counsel for the plaintiffs in the Tort Actions; and (c) such other damages, interest, and costs shown by the evidence at trial, together with such further relief as the Court deems just and proper.

Respectfully submitted this 30th day of July, 2013.

SMITH MOORE LEATHERWOOD LLP

/s/ J. Robert Persons
J. Robert Persons
Georgia Bar No. 573400
Robert B. Wedge
Georgia Bar No. 745400
Steven D. Henry
Georgia Bar No. 348040
*Attorneys for Plaintiff*

Atlantic Center Plaza, Suite 2300
1180 W. Peachtree Street
Atlanta, Georgia 30309
404-962-1000 (Telephone)
404-962-1200 (Facsimile)
*bob.persons@smithmoorelaw.com*
*bob.wedge@smithmoorelaw.com*
*steven.henry@smithmoorelaw.com*

## CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE

The foregoing pleading was prepared in Times New Roman, 14 point, was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Mark W. Wortham
Alexander H. Booth
Hall Booth Smith, P.C.
191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303-1775

This 30th day of July, 2013.

SMITH MOORE LEATHERWOOD LLP

*/s/ J. Robert Persons*
J. Robert Persons
Georgia Bar No. 573400
*Attorney for Plaintiff*