IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GOLD CROSS EMS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 113-081 |
| | * | |
| THE CHILDREN'S HOSPITAL OF ALABAMA, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Presently before the Court is Plaintiff Gold Cross EMS, Inc.'s ("Gold Cross") Motion for Reconsideration (doc. 62) following this Court's Order (doc. 61) granting, in part, Defendant The Children's Hospital of Alabama's ("CHOA") Motion for Summary Judgment. In the alternative, Gold Cross asks the Court to either certify the question to the Supreme Court of Georgia or certify that the issue warrants immediate interlocutory review by the Eleventh Circuit Court of Appeals. The facts giving rise to this dispute were fully set forth in the Court's Order on the summary judgment motion and so the Court does not restate them here. For the reasons stated herein, the Court **DENIES** Gold Cross's Motion for Reconsideration (doc. 62). The Court similarly declines to certify the question to the Georgia Supreme Court or the issue for interlocutory review.

## I. Motion for Reconsideration

Pursuant to Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). In fact, a motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through — rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983), quoted in Weitz Co. v. Transp. Ins. Co., No. 08-23183, 2009 WL 1636125, at *1 (S.D. Fla. June 11, 2009) and Vidinliey v. Carey Int'l, Inc., No. 1:07-cv-762, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008). A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted).

Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d

1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994).

"Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998); see also Collins v. Int'l Longshoremen's Ass'n Local 1423, No. 2:09-cv-093, 2013 WL 393096, at *1 (S.D. Ga. 2013 Jan. 30, 2013) ("Motions for reconsideration should not be used to relitigate issues which have already been found lacking." (internal quotations omitted)); Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) ("[A party] cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). Further, Rule 59(e) "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Wendy's Int'l v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996).

Gold Cross moves for reconsideration based on a need to correct clear error or prevent manifest injustice. "A motion to reconsider is properly brought to correct a clear error in the court's interpretation of either the facts or the law. It should be used in order to prevent manifest injustice, however it is an extreme measure, and substantial discretion rests with the court in granting such a motion." Medley v. Westpoint Stevens, Inc., 162 F.R.D. 697, 698 (M.D. Ala. 1995) (internal citations omitted).

"This ordinarily requires a showing of 'clear and obvious error where the interests of justice demand correction.'" McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007)(quoting Prudential Sec., Inc. v. Emerson, 919 F. Supp. 415, 417 (M.D. Fla. 1996)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).

To support its claim of clear error, Gold Cross first argues that a case relied upon by CHOA and the Court, Gay v. Piggly Wiggly S., 358 S.E.2d 468 (Ga. Ct. App. 1987), actually supports a contrary result. However, the Piggly Wiggly court addressed both a factually and legally distinguishable issue. In Piggly Wiggly, the plaintiff was injured by the driver of a Piggly Wiggly truck. Id. at 469. Following that injury, the plaintiff purportedly received negligent care from two doctors and an individual employed by Physical Therapy Associates, Inc. ("PTA"). Id. at 470. The appeal, which addressed *appropriate venue*, centered on whether the defendants were successive rather than joint tortfeasors. Id. The trial court held that Piggly Wiggly was the original tortfeasor and PTA the successive. Id. For that reason, the court transferred the Piggly Wiggly portion of the action to another county. Id. The appellants argued that the driver and doctors, as well as their respective employers, were joint tortfeasors making the original

4

venue appropriate. In addressing the respective relationships between the tortfeasors, the Georgia Court of Appeals posed the following two options as to their employers:

> [I]f, under the circumstances of this case, the employees of Piggly Wiggly and PTA can be considered to be classic joint tortfeasors as between each other, then Piggly Wiggly and PTA, as vicarious joint tortfeasors with their respective employees, can be considered to be classic joint tortfeasors as between themselves and venue in Fulton County would be proper. If, on the other hand, the employees cannot be considered to be classic joint tortfeasors as between each other, then neither can Piggly Wiggly and PTA[.]

Id. at 471.

Gold Cross focuses its attention on this quote and argues that the Court committed clear error by not relying on it for its conclusion on the contribution issue. The Court disagrees. Factually, this Court was presented with a single hospital that contracted with an ambulance service which then selected its drivers. In contrast, the Piggly Wiggly court was presented with two distinct sets of employees and employers. To put the distinction into visual terms, the relationship between the Piggly Wiggly entities (two employers and their two employees) forms a square. In the case at bar, the relationship is more akin to a straight line: CHOA hired Gold Cross and Gold Cross in turn selected its drivers.

As quoted above, the Piggly Wiggly court presented two options. If the employees were considered joint tortfeasors amongst each other, then their employers could be vicarious joint

5

tortfeasors. If the employees were not joint tortfeasors amongst each other, then their employers would not be either. The legal significance of these two options, however, is materially impacted by the language that precedes the court's presentation of them:

> Accordingly, in some legal senses, *including the satisfaction of constitutional venue requirements*, joint tortfeasors is a somewhat broader concept, embracing more than merely those individuals whose own, separate acts of negligence have allegedly produced a single injury and who have, as among themselves, an independent right of contribution. Joint tortfeasors is not limited to this concept of classic joint tortfeasors, but may extend also to include the concept of vicarious joint tortfeasors.

Id. (internal quotation marks omitted) (emphasis added). The law stated in Piggly Wiggly applies to *appropriate venue*. Indeed, the court expressly recognized that when addressing venue, the courts may expand the traditional joint tortfeasor doctrine to consider vicarious joint tortfeasors. Expanding the definition as it applies to venue makes sense, as the plaintiff's selection of forum will necessarily occur prior to any discovery on the merits of a joint tortfeasor relationship. Importantly, however, the Piggly Wiggly court did not hold that "vicarious joint tortfeasors" are liable amongst each other for contribution, as that issue was not before the court.

As Gold Cross recognizes — and takes issue with — this Court relied only on a limited portion of Piggly Wiggly. The Court quoted the following language: "[A] negligent employee and his vicariously liable employer are not 'joint tortfeasors' in the classic sense, in that the employer has committed no separate and

6

distinct act of negligence and the employee has no right of contribution against his employer." Id. The Court did not engage in a factual comparison of Piggly Wiggly and the instant case, as no such comparison logically exists. Instead, the Court simply quoted the above-referenced sentence and cited a number of other cases supporting the same proposition. Gold Cross contends that this rule is inapplicable to the present facts, as it did "not seek contribution from [CHOA] based on an employer/employee relationship" given that "an 'employee,' virtually by definition, is a natural person." (Doc. 62-1 at 5 (citing Black's Law Dictionary and Merriam-Webster Dictionary).) The Court does not find Gold Cross's extremely restrictive definition of employee persuasive. Indeed, Gold Cross does not cite any authority to support the proposition that one company cannot hire another. To the contrary, in many contexts courts recognize companies as people. See, e.g., Nina Totenberg, *When Did Companies Become People? Excavating The Legal Evolution*, NATIONAL PUBLIC RADIO, July 28, 2014, http://www.npr.org/2014/07/28/335288388/when-did-companies-become-people-excavating-the-legal-evolution. For all of these reasons, the Court finds that Gold Cross has not shown that the Court's application of Piggly Wiggly was clear error, and reconsideration on the contribution issue is not warranted on this basis.

Next, Gold Cross directs the Court to two Restatement sections: (1) the Restatement (First) of Restitution and (2) the

Restatement (Second) of Agency. As a preliminary matter, neither of these sections have been adopted or cited by Georgia courts. And although Gold Cross argues that because "[n]othing cited by [CHOA] or the Court demonstrates that these principles have been rejected by Georgia courts[,]" (doc. 62-1 at 7), such lack of explicit rejection does not convert an otherwise unutilized Restatement into accepted Georgia law, much less support an argument that the Court committed clear error by not relying on it.

In any event, the Court finds these sections inapplicable to the facts presented. As to the Restatement (First) of Restitution, the cited section provides as follows:

> Where two persons were liable in tort for the conduct of a third person, and neither of them was at fault or, as between the two, primarily responsible, one of them who has discharged a liability against them created by the tortious conduct of such third person is entitled to contribution from the other of a proportionate share of expenditures properly made in the discharge of such liability.

RESTATEMENT (FIRST) OF RESTITUTION § 99 (1937). To clarify the scope of this section, the following two examples are provided:

1. The A and B railroads agree to employ C as station agent at a station maintained by A and B jointly. While in the scope of his joint employment, C negligently injures D. D obtains judgment against A, which A satisfies. A is entitled to contribution from B.

2. A, B and C, creditors of D, unite in employing an attorney to prosecute their several claims. In the course of the proceedings, the attorney is guilty of malicious abuse of process against D, for which the creditors are responsible. D brings an action against C who reasonably defends it after asking A and B to

8

>     join in the defense. D obtains a judgment against C
>     which C satisfies. C is entitled to contribution from
>     A and from B.

Id. In each of these situations, two or more entities contract with and hire another. Thus, to apply to the instant case, Gold Cross must allege that Gold Cross and CHOA contracted to employ Mims and Johnson. Regardless of how Gold Cross now wishes to characterize the relationship, the record supports a conclusion that CHOA contracted with Gold Cross for ambulatory services. No evidence shows that CHOA had any part in determining which Gold Cross employees would drive the ambulance. The present situation is thus more akin to a company that contracts for janitorial services, for example. There, as here, Company A would contract with Company B, who would then assign the work to one or more of its employees. Thus, the present case falls outside the scope of Restatement § 99.

Addressing the Restatement (Second) of Agency, the cited section states as follows:

> (1) Unless otherwise agreed between them, one of two
> principals who has made expenditures because of the
> conduct of a common agent is entitled to (a) contribution
> from the other principal if, as between the two, each was
> equally responsible for the agent's conduct, or (b)
> indemnity from the other principal if the agent's conduct
> was the result of a breach of duty to the plaintiff by
> the other principal.

RESTATEMENT (SECOND) OF AGENCY § 317A(1) (1958). To support application of this section to the present facts, Gold Cross cites (1) the above language; (2) a case out of the Court of Common Pleas in

9

Pennsylvania holding that co-employers are jointly and severally liable for the actions of a joint employee and thus subject to contribution, (3) this Court's Order and other Georgia case law holding that one may be the servant of two masters, and (4) an Eleventh Circuit Court of Appeals case addressing contribution between a hospital and its wholly-owned subsidiary. None of these citations give rise to clear error sufficient to support reconsideration.

Turning first to the Restatement section quoted above, which again has never been cited with approval by Georgia courts,[1] Gold Cross fails to show how it applies to the facts presented. Quoting a section out of the Restatement, without any argument as to its particular relevance, is insufficient to support a motion for reconsideration.

Gold Cross additionally cites a Pennsylvania case for the proposition that co-employers are jointly and severally liable to plaintiff to the extent of the joint employee's liability. See Sleasman v. Brooks, 32 Pa. D. & C.3d 187, 195 (1984). Even assuming this case is consistent with Georgia law, Gold Cross again presents no argument as to its application in this case.

---

[1] The First Circuit Court of Appeals cited this Restatement section in discussion, Putnam v. DeRosa, 963 F.2d 480, 485 (1st Cir. 1992); the Seventh Circuit Court of Appeals quoted it but declined to follow, Chesapeake & Ohio Ry. Co., 564 F.2d 22, 226 (7th Cir. 1977); a district court in Connecticut quoted it in dictum, Dennler v. Dodge Transfer Corp., 201 F. Supp. 431, 439 (D. Conn. 1962); a district court in Oregon cited it in a footnote and discussed it in dictum, Oregon v. Tug Go-Getter, 299 F. Supp. 269, 277 (D. Or. 1969); and a district court in Vermont cited and quoted the section but did not follow it, St. Johnsbury & Lamobile CO. R.R. v. Canadian Pac. Ry. Co., 341 F. Supp. 1368, 1372 (D. Vt. 1972).

Next, Gold Cross cites case law from Georgia that one may be the servant of two masters. The Court does not disagree with this statement of the law, but Gold Cross already argued this point in its summary judgment briefing. Seeking to relitigate the matter is inappropriate on a motion for reconsideration.

Finally, Gold Cross cites a case out of the Eleventh Circuit Court of Appeals for the proposition that multiple employers of a negligent employee can be joint tortfeasors. Columbus Reg'l Healthcare Sys., Inc. v. Beck, No. 06-13444, 2006 WL 3406543 (11th Cir. 2006)(per curiam). The Eleventh Circuit case, however, is clearly distinguishable as it addressed a contribution issue in a medical malpractice case where the doctors and nurses were employees of both a hospital and a medical center. Id. at *1. There, the court had to determine whether the two entities should be considered one for contribution purposes in light of the fact that the medical center was a wholly-owned subsidiary of the hospital. Id. Stated differently, the issue before the court was "whether the same party is being held liable twice for the same set of acts." Id. At no point did the court address the relationship between the employers and the employees, as the nature of that relationship was undisputed.

In sum, Gold Cross's presentation of authority in brief does not demonstrate clear error in the Court's ruling.[2] Gold Cross

---

[2] Moreover, the Court is not persuaded that Gold Cross could not have raised these points sooner. "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the

11

repeatedly states that neither the CHOA nor the Court have proven that the legal theories relied upon are incorrect or that they have been rejected under existing Georgia law.³ Gold Cross misunderstands the standard for reconsideration. "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Prescott v. Alejo, No. 2:09-cv-791, 2010 WL 2670860, at *1 (M.D. Fla. July 2, 2010). Indeed, "[t]he Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. Stating in conclusory fashion that the Court and CHOA have not proven the legal theories have been rejected is insufficient to meet the high burden for relief. For all the reasons stated herein, the Court **DENIES** Gold Cross's request for reconsideration.

---

judgment was issued." Lockard, 163 F.3d at 1267. Gold Cross asserts that its argument could not have been made before because CHOA raised the issue for the first time in a reply brief. Following CHOA's reply brief, Gold Cross did not file a notice of intent to file a sur-reply, and instead left CHOA with the last word on this issue. As the late Judge Edenfield explained in Pattee v. Georgia Ports Authority:

> The proper course [in this district] is to allow new arguments to be raised in reply briefs, placing the burden on opposing counsel to identify those new arguments and notify the Clerk pursuant to Local Rule 7.6 that a sur-reply is forthcoming. This is preferable to refusing to reach valid arguments — many of which will only be raised again during a trial which itself might be avoided if the argument is reached-based on a ham-fisted, one-size-fits-all rule.

477 F. Supp. 2d 1272, 1274-75 (S.D. Ga. 2007).

³ Doc. 62-1 at 7 ("Nothing cited by [Defendant] or the Court demonstrates that these principles have been rejected by Georgia courts."); Id. at 9 ("Neither [Defendant] nor the Court has identified any controlling precedent in this State that rejects the principles of contribution described above."); Doc. 65 at 3 ("As to the merits of the motion for reconsideration, [Defendant] cites no authority whatsoever which supports its theory that contribution is unavailable.").

## II. Certification to the Georgia Supreme Court

Alternatively, Gold Cross asks the Court to certify the issue[4] to the Georgia Supreme Court. Georgia law authorizes district courts to certify questions of state law to the Georgia Supreme Court if "there are no clear controlling precedents in the decisions[.]" O.C.G.A. § 15-2-9(a). Certification is not obligatory, however, and "[i]ts use in a given case rests in the sound discretion of the federal court." Lehman Bros. v. Schein, 416 U.S. 386, 390-91 (1974). In this regard, the Eleventh Circuit's

> practice has been to resort to certification "with restraint" upon consideration of the following factors: "The most important [factors] are the closeness of the question and the existence of sufficient sources of state law . . . to allow a principled rather than conjectural conclusion. But also to be considered is the degree to which considerations of comity are relevant . . . . And we must also take into account practical limitation of the certification process."

City of Rome v. Hotels.com, L.P., 549 F. App'x 896, 904 (11th Cir. 2013) (quoting Escareno v. Noltina Crucible & Refractory Corp., 139 F.3d 1456, 1461 (11th Cir. 1998)).

To support its contention that the Court's conclusion was merely conjectural, Gold Cross relies on the same arguments it presented in support of reconsideration — that the Court improperly applied Piggly Wiggly and that the Restatement provisions dictate a contrary result. Gold Cross maintains that because "[n]either

---

[4] Gold Cross asks the Court to certify the following question: "[W]hether Georgia law permits contribution between two employers or principals (or persons engaged in a joint venture) who may be vicariously liable for the acts or omissions of joint employees or agents." (Doc. 62-1 at 9.)

13

[CHOA] nor the Court has identified any controlling precedent that rejects the principles of contribution," certification is appropriate. (Doc. 62-1 at 9.) However, Gold Cross presents (1) a distinguishable Georgia Court of Appeals case already cited by the Court and (2) Restatement sections and cases that are either factually distinguishable or have not been recognized in Georgia. To base the Court's decision on unrecognized or factually distinguishable authority would result in precisely the sort of conjecture the certification doctrine seeks to avoid. Instead, the Court based its analysis on a principled application of existing Georgia case law. Stated differently, the Court's reasoning is not transformed from a principled decision to a conjectural conclusion simply because the Court chose not to rely on legal theories that have either not been recognized in this state or that do not apply to the facts presented. As such, certification to the Georgia Supreme Court would be inappropriate.

### III. Interlocutory Review

Gold Cross finally asks this Court to include a certification under 28 U.S.C. § 1292 that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation." In enacting this section, Congress clearly intended for it to be used sparingly and "only in exceptional cases where a decision of the

appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided[.]" S. Rep. No. 85-2434, *reprinted in* 1958 U.S.C.C.A.N. 5255, 5260. Indeed, interlocutory review is not intended where there exists a "mere question as to the correctness of the ruling[.]" Id.

For all of the reasons described above, both in reference to the motion for reconsideration and the request for certification to the Georgia Supreme Court, the Court finds that interlocutory review under § 1292 is not warranted in this matter.

## IV. CONCLUSION

Based on the foregoing, Gold Cross's Motion for Reconsideration (Doc. 62) is hereby **DENIED**, and the Court **DECLINES** Gold Cross's requests for certification to the Georgia Supreme Court or interlocutory review.

**ORDER ENTERED** at Augusta, Georgia, this ___1st___ day of June, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA