IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
GOLD CROSS EMS, INC.,            *
                                 *
        Plaintiff,               *
                                 *
   v.                            *
                                 *       CV 113-081
THE CHILDREN'S HOSPITAL OF       *
ALABAMA,                         *
                                 *
        Defendant.               *
```

**O R D E R**

A Wolf found great difficulty in getting at the sheep owing to the vigilance of the shepherd and his dogs. But one day it found the skin of a sheep that had been flayed and thrown aside, so it put it on over its own pelt and strolled down among the sheep. The Lamb that belonged to the sheep, whose skin the Wolf was wearing, began to follow the Wolf in the Sheep's clothing; so, leading the Lamb a little apart, he soon made a meal off her, and for some time he succeeded in deceiving the sheep, and enjoying hearty meals.

Appearances are deceptive.[1]

Presently pending before the Court are Plaintiff's Motions in Limine. (Doc. 71). The first motion in limine requests the dismissal of Defendant Children's Hospital of Alabama's (CHoA)

---

[1] Aesop, The Wolf in Sheep's Clothing, in Folk-Lore and Fable 26 (Charles W. Eliot Ed. 1909), available at https://books.google.com/books/about/Folk_lore_and_Fable.html?id=XDELAAAAIAAJ.

counterclaim for attorney's fees and expenses, and the exclusion of any related evidence. (Id. at 1-3). The second motion in limine argues that Defendant's counterclaim for medical expenses should likewise be dismissed. (Id. at 4-8). Plaintiff's brief concludes: "WHEREFORE Gold Cross prays that its motions in limine be granted which will thereby eliminate the CHoA counterclaim in this action." (Id. at 8) (emphasis added).

Plaintiff misunderstands the purpose of the motion in limine. A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2(1984). Black's Law Dictionary defines motion in limine as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Motion in Limine*, Black's Law Dictionary (10th 2014). Further, leading treatises criticize the practice of dismissing claims *in limine*. E.g., Charles Allen Wright & Kenneth W. Graham, Jr., 21 Fed. Prac. & Proc. § 5037.18 (2d ed. 2005) ("Now that Revised Rule 103 has regularized the motion in limine, we can expect to see some lawyers try to use the motion for purposes for which it was never intended; e.g., as a delayed general demurrer."); 75 Am. Jur. 2d Trial § 44 (2009) ("The use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as unwritten and unnoticed motions for summary judgment

2

or motions to dismiss."). At least two circuit courts of appeal have agreed, and have held that the dismissal of claims and defenses by motion in limine is improper. See Meyer Intellectual Props. Ltd. v. Bodum, Inc., 690 F.3d 1354, 1378 (Fed. Cir. 2012) ("Because we conclude that it was procedurally improper for the court to dispose of [defendant's] inequitable conduct defense on a motion *in limine*, we reverse the court's decision and remand for further proceedings."); Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996) (finding that argument regarding the sufficiency of evidence "might be a proper argument for summary judgment or judgment as a matter of law, it is not a proper basis for a motion to exclude evidence prior to trial"). In sum, the typical *in limine* practice of federal courts does not include the dismissal of claims. See, e.g., Witness Sys., Inc. v. Nice Sys., Inc., No. 1:06-cv-126-TCB, 2008 WL 2047633 (N.D. Ga. May 10, 2008).

However, the practice of dismissing claims by motion in limine is not unprecedented. In its reply brief, Plaintiff acknowledges that the Eleventh Circuit has never considered whether motions in limine may be dispositive of claims or defenses, but cites two cases from the Third and Sixth Circuits that, in specific circumstances, affirmed the practice. (Doc. 76 at 1-2)(citing Petty v. Metro. Gov't of Nashville & Davidson

Cnty., 687 F.3d 710, 721 (6th Cir. 2012); Howard Johnson, Int'l v. Cupola Enters., LLC, 117 F. App'x 820, 822 (3d Cir. 2004)).

The Third Circuit's approach to dispositive motions in limine is based largely on its precedent in *sua sponte* summary judgment cases. On two occasions, the Third Circuit reversed the dismissal of claims by motion in limine on grounds that the non-movants lacked notice and the opportunity to marshal their evidence. See Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069-70 (3d Cir. 1990) ("Most importantly, in the absence of a formal motion for summary judgment, plaintiff was under no formal compulsion to marshal all of the evidence in support of his claims."; Brobst v. Columbus Services Int'l, 761 F.2d 148, 154 (3d Cir. 1985) ("In effect, the district court's procedure converted the *in limine* motion into one for summary judgment, but without the procedural protections of notice which the federal rules require before judgment on the merits may be granted."). In Howard Johnson, the Third Circuit distinguished Bradley and affirmed the dismissal of plaintiff's claims, holding that the procedural protections were satisfied. 117 F. App'x at 822. Notably, the court's opinion characterizes this practice as a *sua sponte* grant of summary judgment. Id. at 822-23 ("In sum, we do not permit a district court to *sua sponte* grant summary judgment unless" the non-movant had notice and an opportunity to marshal its evidence).

4

For its part, the Sixth Circuit relied on a comparison between the Third Circuit cases of Bradley and Howard Johnson to reach its holding that notice and an opportunity to marshal evidence are necessary to dismiss claims by motion in limine. Petty, 687 F.3d at 721 (comparing Bradley, 913 F.2d at 1069-70 with Howard Johnson, 117 F. App'x at 822-833). The Sixth Circuit also relied on its similar precedent on *sua sponte* grants of summary judgment, where it has held that summary judgment is proper "so long as the losing party was on notice that she had to come forward with all of her evidence." Id. (quoting Salehpour v. Univ. of Tenn., 159 F.3d 199, 204 (6th Cir. 1998). In Petty, the court rejected the defendant's challenge because it found these two procedural protections were satisfied. Id. But Petty has been distinguished by Louzon v. Ford Motor Co., 718 F.3d 556 (6th Cir. 2013), and to the extent its statement affirming the procedural basis for the dismissal was then an alternate holding, it is no longer the law in the Sixth Circuit. Louzon, 718 F.3d at 563 n.3. Instead, the Sixth Circuit has joined the Seventh and Federal Circuits in rejecting the dismissal of claims by motion in limine. Id. at 562-63 (citing Meyer Intellectual Props., 690 F.3d at 1378; Mid-America Tablewares, 100 F.3d at 1363).

In short, the precedents in our sister courts produce two approaches. First, a majority of circuit courts and district courts categorically reject the dismissal of claims by motion in

5

limine. Second, the Third Circuit uses an approach similar to that applied in the *sua sponte* context, requiring notice and the opportunity to marshal evidence in opposition to summary judgment. The Court finds the majority approach more persuasive and therefore finds that Plaintiff's motion in limine is an improper and untimely motion for summary judgment.

Even under the Third Circuit's approach, Plaintiff's arguments are unconvincing. It is revealing that both cases cited by Plaintiff, Howard Johnson and Petty, rely on authority related to the *sua sponte* grant of summary judgment. In many respects the true relief requested in Plaintiff's motions is for the Court to convert a motion in limine into a *sua sponte* grant of an untimely summary judgment, well past the civil motion deadline. (See Order, Doc. 41). While the Eleventh Circuit has never considered the propriety of summary judgment *in limine*, it has frequently considered when courts may enter summary judgment *sua sponte*. And like the Third Circuit, the principle that non-movants must be given notice and the opportunity to marshal their evidence in opposition to summary judgment has been a touchstone of the Eleventh Circuit's precedent as well. E.g., Massey v. Congress Life Ins. Co., 116 F.3d 1414, 1417 (11th Cir. 1997) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554 (1986)).[2]

---

[2] The Eleventh Circuit has distinguished what notice is required in cases "involving purely legal questions based on

6

Additionally, and perhaps fatally to Plaintiff's request, the Eleventh Circuit has also held that when a district court converts a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) into a summary judgment motion the court must "notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record." Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002).

In the present case, the Court has never notified Defendant that it was considering summary judgment. Only Plaintiff's motions in limine gave Defendant any notice at all, and that notice—which most authorities consider improper—was too slight to meet this Circuit's requirements.[3] Moreover, Plaintiff's passing remark in its reply brief that Defendant "has notice that these motions are dispositive and hinge on narrow questions of law" is insufficient to cure this defect. (Doc. 76 at 5).

---

complete evidentiary records" from those involving factual disputes without a full record. Artistic Entm't, Inc. v. City of Warner Robbins, 331 F.3d 1196 (11th Cir. 2003). At present, the Court is not satisfied that this case falls into the "purely legal" category, and, in any event, the Court declines to *sua sponte* convert Plaintiff's motions in limine into a motion for summary judgment.

[3] To be sure, Defendant's response to Plaintiff's motions in limine (Doc. 75) demonstrates that it knows the motions are requesting the dismissal of its two counterclaims. But the response brief uses only five pages of argument against the motion and provides no exhibits to defend its counterclaims from dismissal. Though Plaintiff would likely say this demonstrates only Defendant's lack of credible arguments and evidence, Defendant's brevity may signal that it was not on notice that the Court would *sua sponte* convert Plaintiff's motions in limine into an untimely motion for summary judgment on the eve of trial.

7

Defendant cannot be on notice that the Court would *sua sponte* convert Plaintiff's motions in limine into a motion for summary judgment even though Plaintiff filed its motions 503 days after the summary judgment deadline. The Court finds that, even if the dismissal of claims *in limine* is proper, Defendant lacked the procedural protections afforded by Federal Rule of Civil Procedure 56.

Finally, this Court considers the traditional purpose of a motion in limine: the exclusion of evidence. Explicit in Plaintiff's first motion and implicit in its second are requests to exclude the evidence of attorney's fees and expenses and medical expenses. Neither Plaintiff's initial brief, nor its reply brief, provide any argument or authority for why this evidence should be excluded apart from its more general argument that the counterclaims should be dismissed. Given that Defendant's counterclaims remain in this case, the Court finds no reason at present to exclude evidence relevant to those counterclaims.[4]

In conclusion, the Federal Rules of Civil Procedure contain multiple rules allowing parties to dismiss claims; there is no need to disguise a motion for summary judgment in the clothing of a motion in limine. Instead, the proper courses are a timely

---

[4] Notwithstanding Plaintiff's request to exclude evidence, elsewhere it has joined a proposed stipulation to the value of attorney's fees and expenses at issue in this case. (Proposed Pretrial Order, Doc. 70, Attachment A(i))

8

filed motion for summary judgment or a motion for judgment as a matter of law. Plaintiff's motions in limine are hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of September, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA